**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL MORA, on his own behalf
and on behalf of all persons
similarly situated,
             *Plaintiff-Appellant,*

v.

CONSTRUCTION LABORERS PENSION
TRUST FOR SOUTHERN CALIFORNIA,
             *Defendant-Appellee.*

No. 04-55594

D.C. No.
CV-03-00471-JVS

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
December 5, 2005—Pasadena, California

Filed January 25, 2006

Before: Harry Pregerson, John T. Noonan, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Noonan;
Dissent by Judge Pregerson

## COUNSEL

Richard A. Weinstock and Andrew T. Koenig, Ventura, California, for the plaintiff-appellant.

John S. Miller, Herbert J. Klein, and Dwayne P. McKenzie, Los Angeles, California, for the defendant-appellee.

Donald J. Capuano, Washington, DC, for *amicus curiae* National Coordinating Committee for Multiemployer Plans.

## OPINION

NOONAN, Circuit Judge:

Manuel Mora and the class represented by him (collectively Mora) appeal the judgment of the district court denying credits for hours of service giving rise to additional pension benefits from the defendant, Construction Laborers Pension Trust for Southern California (the Pension Trust). Mora contends that contributions made to the Construction Laborers' Trust for Southern California (the Vacation Trust) should generate the service credits. The district court ruled that ERISA did not

require the contributions to count toward service credits and granted summary judgment to the Pension Trust. We affirm. Doing so, we dispel a confusion largely caused by a name.

## FACTS

The Pension Trust is the product of collective bargaining between the Southern California District Council of Laborers together with affiliated local unions and the Southern California Chapter of the Associated General Contractors of America together with other associations of contractors. The Pension Trust was established on October 16, 1962. Its terms are set out in over 90 typed pages. Article IX provides for its amendment by the trustees. It has been amended 55 times, normally as the result of collective bargaining. Half of the trustees are elected by the union and half by the associations of employers. There is a procedure for appealing the denial of pension claims and there is a Pension Appeals Committee, whose elected chairman is John L. Smith, the Business Manager of Local No. 1184, Laborers' International Union of North America, AFL-CIO.

Employers are required to contribute to the Pension Trust for all hours worked by a construction laborer and for all hours for which the laborer is paid although no work is performed. If a laborer receives a paid vacation, the employer is required to contribute to the Pension Trust for each hour of such vacation.

The collective bargaining agreements between the union and the employer association have not required paid vacations. Some employers give them, some don't. In 1965, the union and the employer associations negotiated the establishment of the Vacation Trust, to be governed by trustees half appointed by the union and half by the employers. The Vacation Trust had in Article XIII a provision for amendment by the trustees and in Article VIII, an appeals process. Amended article 12.07 provides:

Contributions to the Fund and any liquidated damages payable in connection therewith, shall be deemed to be, and shall be, a part of the wages due to the employees with respect to whose work such payments are made. No individual employer shall have any right, title or interest in such contributions, or any part thereof, and no part thereof shall ever revert to any such individual employer. Insofar as consistent with the other provisions of this Agreement, contributions shall be treated and reported as a part of the compensation earned by the employee at the time the work to which the contributions pertain is performed, subject to the terms of this Agreement, and shall be deemed to be, and shall be treated as, subject to withholding tax and social security and unemployment taxes as a part of the total compensation payable at the end of the individual employer's payroll period during which such work is performed or paid for, but the full per hour contribution shall be transmitted to the Fund. Such contributions shall not be a part of the hourly wage rates for the purpose of computing overtime, or reporting time or for any other purpose of the Collective Bargaining Agreement, or part of the "regular rate" or "basic hourly rate" for the purpose of the Federal Fair Labor Standards Act or the Walsh-Healy Act or any other law, ordinance or regulation, except that if, consistent with the foregoing, such contributions can be considered and treated as a part of the wages prevailing in the area for the purpose of the Federal Davis-Bacon Act and similar federal, state or local laws, ordinances or regulations, they shall be so considered and treated.

Article 12.08 then provides:

It is the intent and purpose of the Plan, and of this Agreement, and a material part of the consideration

for the making of contributions to the Fund by individual employers, that the money in each vacation account shall be received by the employee entitled thereto personally.

According to the sworn and undisputed declaration of John L. Smith:

The Vacation Trust is and always has been set up as a savings type vehicle for an employee rather than as a payment to an employee for vacation time off that the employee takes. The monies contributed to the Vacation Trust have always been subject to payroll withholding in the same manner as wages paid and received for that particular week of employment.

Over the years on behalf of its members, the Union has moved money back and forth between wages and contributions to the Vacation Trust to reflect the balance between the amount of wages that the Union believes can be set aside and accumulated as Vacation Trust contributions and the amount of wages that the Union believes should be paid directly to employees as immediate wages received.

It has never been the intent of the Pension Trust Trustees nor of the Union nor of the employer associations that the money paid by employers as contributions to the Vacation Trust constitute hours of service to be credited to an employee. The contribution to the Vacation Trust is simply payment for wages in the same manner as a wage payment is for the hour worked. Contributions to the Vacation Trust allow an employee to accumulate savings throughout the year. Contributions to the Vacation Trust do not pay for vacation time off and were never intended to do so.

Mora is a retired construction laborer and union member, who receives an early retirement pension from the Pension Trust. In 1970 and again in 1972, Mora worked less than 1,000 hours and so did not receive service credits for those years. But there were payments made to the Vacation Trust for the hours he did work in those years. If those payments were treated as counting for hours of service he would have over 1,000 hours of service for 1970 and 1972 and increase his pension by $26.00 per month.

On December 28, 1999, Mora appealed the computation of credits for 1970 and 1972. On January 26, 2000, the Pension Appeals Committee denied his appeal.

## PROCEEDINGS

On January 14, 2002, Mora began this suit in the district court. On November 20, 2002, the district court found that the requirements for certification of a class had been met, that the estimated class was between 500 and 600 persons whose claims were typical and shared commonality, and that fair and efficient adjudication called for certification of a class of participants or their surviving spouses who had been granted a pension by the Pension Trust after January 1, 1975, the date on which ERISA applied. The class was essentially limited to those who had not received service hours credit for payments from the Vacation Trust.

On October 10, 2003, the district court denied Mora's motion for summary judgment. On March 12, 2004, after submission of additional documents and declarations by both sides, the district court, sua sponte, gave summary judgment to the Pension Trust.

Mora appeals.

## ANALYSIS

[1] Mora pitches his appeal not on the terms of either the Pension Trust or the Vacation Trust, but on regulations issued

by the Department of Labor interpreting ERISA, 29 U.S.C. § 1052. They read:

> (1) An hour of service is each hour for which an employee is paid, or entitled to payment, for the performance of duties for the employer during the applicable computation period.

> (2) An hour of service is each hour for which an employee is paid, or entitled to payment, by the employer on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability), layoff, jury duty, military duty or leave of absence. 29 C.F.R. § 2530.200b-2(a).

Mora argues that the payments made to the Vacation Trust are payments "due to vacation." As the Pension Trust is undisputedly an ERISA plan, Mora concludes that the regulation controls.

**[2]** The difficulty for Mora is that the payments to the Vacation Trust were not made "on account of time during which no duties [were] performed." The payments were made precisely for time during which Mora worked. These hours have already been counted once. To count them again would be to count them twice. The regulations do not call for that improbable result. Indeed, they explicitly prohibit it. 29 C.F.R. § 2530.200b-2(b)(3); *accord. Hope v. Int'l Brotherhood of Electrical Workers*, 785 F.2d 826, 830-31 (9th Cir. 1986).

**[3]** This conclusion is consistent with the express provision of Article XII of the Vacation Trust, already quoted: "Contributions to the [Vacation Trust] . . . shall be deemed to be, and shall be, a part of the wages due to the employees with respect to whose work such payments are made." They "shall not be

a part of the hourly wage rates for the purpose of computing overtime, or reporting time . . . ." The conclusion is equally consistent with the August 22, 1966 ruling of the Internal Revenue Service and the July 12, 1967 ruling of the Franchise Tax Board of the state of California. I.R.S. Priv. Ltr. Rul. 67-351 (Aug. 22, 1966); CA F.T.B. Priv. Ltr. Rul. (July 12, 1967). The trustees and the tax authorities have not been in the dark for over thirty-eight years.

Mora's contentions have a superficial attraction because of the name of the entity into which the 1970 and 1972 contributions were made. His argument ends with the name. The payments were in fact into a trust that held savings on his account. His suit is an attempt to make an end run around the union-employer trustees of the Pension Trust. It is without a basis.

The judgment of the district court is AFFIRMED.

---

PREGERSON, Circuit Judge, dissenting:

Department of Labor regulations allow employees to count hours of paid vacation as "hours of service," the currency in which hours are counted for pension purposes. The majority holds that construction laborers cannot count their vacation benefit as "hours of service," because their vacation benefit comes from a trust fund as a lump sum of money, not from an employer as a set amount of vacation time. I cannot support this outcome.

The crux of my disagreement with the majority comes down to whether the payments union members receive from the vacation trust are vacation benefits intended to approximate "traditional" paid vacations received by employees in other industries, or whether the vacation trust is an involuntary savings plan akin to a "Christmas Club." I believe the

vacation trust documents are clear on this point. Article II of the Trust Agreement states that the trust fund is intended as "a fund *for the payment of paid vacations.*" The summary plan document circulated by the vacation trust fund to union members touted this program as a "vacation check" that "materially assists [an employee] in defraying the expenses of a vacation should [the employee] decide to take one." Thus, I cannot agree with the majority that Mora's argument is much ado over an unfortunate label. *See* Maj. Op. At 1076. Defendant's present assertions to the contrary, *see* Maj. Op. at 1078, do not alter the fact that vacation trust payments were consistently marketed as a paid vacation benefit and should carry the consequences that normally follow paid vacations.

Once it is shown that these vacation trust payments are intended to approximate vacation benefits provided to employees in other industries, the Defendant's remaining arguments fall away. The lump sum of money received by union construction laborers can easily be translated into a quantity of time, and in fact, the regulations provide for this calculation. *See* 29 C.F.R. § 2530.200b-2(b)(2). The differences between the vacation trust payment and a traditional vacation benefit — i.e., the fact that payments come from a trust rather than from the employer, the timing of tax withholding, and the fact that payments are doled out at regular intervals rather than at the time vacation is taken — can be attributed to the nature of the construction industry and the short-lived relationship between construction employers and laborers, not to any substantive difference between the construction laborer's paid vacation and the paid vacation of other employees. "Double counting" of hours can be avoided by allowing union members to show that they did take some period of time away from work; indeed, it should hardly be a problem for transitory construction laborers to show that they did not work a full 52 weeks in a year.

Constructions laborers work at many job sites for multiple employers over the course of a year. Accommodations have

been negotiated between unions and construction employers to ensure that these transitory workers are provided with paid vacation benefits similar to those provided to employees in other industries. I believe we should give effect to their agreement and treat the paid vacation received by construction laborers as we would treat paid vacation received by an employee in any other industry.

Accordingly, I respectfully dissent.